Case: 3:06-cv-00611-bbc   Document #: 7   Filed: 12/01/06   Page 1 of 9

Document Number  Case Number
                 06-C-0611-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
12/01/2006 03:26:48 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SILICON GRAPHICS, INC. <br><br> Plaintiff, <br><br> v. <br><br> ATI TECHNOLOGIES ULC. <br><br> Defendant, <br><br> and <br><br> ATI TECHNOLOGIES ULC. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> SILICON GRAPHICS, INC. <br><br> Counterclaim Defendant. | Civil Action No.   06-C-0611-C <br><br> **ATI TECHNOLOGIES ULC'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** |

Defendant, ATI Technologies ULC, successor-in-interest to ATI Technologies, Inc. ("ATI"), for its answer to the Complaint of Silicon Graphics Inc, ("SGI") filed on October 23, 2006, states as follows:

**PARTIES**

1.      On information and belief, ATI admits the allegations contained in Paragraph 1 of the Complaint.

2.      ATI denies the allegations contained in Paragraph 2 of the Complaint, and affirmatively states that ATI Technologies ULC is the successor-in–interest of ATI

1

Technologies, Inc. and is a corporation formed under the laws of Alberta, Canada with a registered address of 3300, 421, 7 Avenue, SW, Calgary, Alberta, T2P4K9 and a principal office of One Commerce Valley Drive East, Markham, Ontario, Canada, L3T 7X6.

## JURISDICTION AND VENUE

3. ATI admits that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). ATI denies any and all other allegations in paragraph 3 of the Complaint.

4. ATI will not contest personal jurisdiction regarding the Complaint filed on October 24, 2006. ATI denies any and all other allegations in paragraph 4 of the Complaint.

5. ATI admits that venue in this district is proper. ATI denies any and all other allegations in paragraph 5 of the Complaint.

6. ATI admits that, on its face, United States Patent No. 6,650,327 ("the '327 patent") is entitled *Display System Having Floating Point Rasterization and Floating Point Framebuffering* and shows an issue date of November 18, 2003 and that SGI is listed as the assignee. ATI denies the remaining allegations of Paragraph 6.

7. ATI denies any and all allegations in Paragraph 7 of the Complaint.

8. ATI denies any and all allegations in Paragraph 8 of the Complaint.

## GENERAL DENIAL

9. ATI denies each and every allegation, matter, statement, and fact contained in SGI's Complaint, except as may be specifically admitted, qualified, or otherwise answered herein. ATI denies that SGI is entitled to any relief.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, ATI states as follows:

### FIRST AFFIRMATIVE DEFENSE

10. SGI fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11. No ATI product infringes any claim of the '327 patent.

## THIRD AFFIRMATIVE DEFENSE

12. No claim of the '327 patent can be validly construed to cover any ATI product.

## FOURTH AFFIRMATIVE DEFENSE

13. SGI's asserted patent, the '327 patent is invalid, unenforceable, and/or void for failure to satisfy the requirements of patentability contained in 35 U.S.C. Sections 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

14. The '327 patent is unenforceable against ATI under the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

15. The '327 patent is unenforceable against ATI under the doctrines of waiver and/or acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred in whole or in part under the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

17. ATI has not infringed the '327 patent because ATI is a licensee, either in fact or implied, of the '327 patent.

## NINTH AFFIRMATIVE DEFENSE

18. The '327 patent is unenforceable against ATI under the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claim is barred in whole or in part by contract.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff lacks standing to bring the claims asserted in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred in whole or in part because SGI failed to disclose the '327 patent and/or the application leading to the '327 patent to relevant standards committees.

ATI reserves its right to assert additional grounds for the invalidity or unenforceability of United States Patent No. 6,650,327 if it discovers such grounds during the course of litigation.

## COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

Defendant ATI Technologies ULC ("ATI"), for its Counterclaims against Plaintiff, Silicon Graphics, Inc. ("SGI"), states as follows:

## THE PARTIES

1. Defendant / Counterclaimant ATI Technologies ULC brings these claims against Silicon Graphics, Inc.

2. Counterclaimant ATI is a corporation formed under the laws of Alberta, Canada with a registered address of 3300, 421, 7 Avenue, SW, Calgary, Alberta, T2P4K9, and a principal office of One Commerce Valley Drive East, Markham, Ontario, Canada, L3T 7X6.

3. On information and belief, Counterclaim Defendant Silicon Graphics, Inc. is a Delaware corporation with its corporate offices in Mountain View, California and research and manufacturing facilities in Chippewa Falls, Wisconsin.

## JURISDICTION AND VENUE

4

4.  This is a civil action arising under the patent laws of the United States, Title 35 of the United States Code. This action also includes requests for declaratory relief under 28 U.S.C. §§ 2201 and 2202.

5.  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patent exclusive jurisdiction) and 2201 and 2202 (declaratory relief).

6.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400. On information and belief, SGI is doing business in this judicial district. SGI has alleged that it has research and manufacturing facilities in this District.

## COUNT I
## DECLARATORY JUDGMENT
## OF INVALIDITY, NON-INFRINGEMENT AND UNENFORCEABILITY

7.  This is an action for a declaratory judgment, together with such relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Sections 2201 and 2202. There is an actual controversy between ATI and SGI arising under the United States patent laws, Title 35 of the United States Code.

8.  SGI alleges that it is the rightful owner of the United States Patent No. 6,650,327 ("the '327 patent"). SGI contends that ATI infringes claims of the '327 patent.

9.  SGI's asserted patent, the '327 patent, is invalid, unenforceable, and/or void for failure to satisfy the requirements of patentability contained in 35 U.S.C. Sections 102, 103, and/or 112.

10. ATI does not and has not infringed any valid claims of the '327 patent.

11. ATI therefore seeks a declaration and finding by this Court that it does not infringe any valid and/or enforceable claims of the '327 patent.

## COUNT II
## CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY

12. ATI hereby incorporates Paragraphs 1-11 of the Counterclaims by reference.

13. On its face, U.S. Application No. 09/098,041 was filed on June 16, 1998 and issued as the '327 patent on November 18, 2003.

14. U.S. Application No. 08/937,793 was filed on September 25, 1997 and issued as U.S. Patent No. 6,567,083 on May 20, 2003.

15. SGI and/or its agents were aware of U.S. Patent No. 6,567,083 and/or its pending application before or during the prosecution of the application that became the '327 patent.

16. Despite having knowledge of U.S. Patent No. 6,567,083 and/or its pending application, SGI and/or its agents failed to disclose U.S. Patent No. 6,567,083 and/or its pending application to the Examiner during prosecution of the application that became '327 patent. Given the actual knowledge and high level of materiality of this reference, it can be inferred that SGI and/or is agents acted with deceptive intent in withholding this reference from the patent office.

17. The subject matter of U.S. Patent No. 6,567,083 and/or its pending application is and was material to the patentability of the '327 patent and/or the application that became the '327 patent, was not cumulative of prior art that was cited during the '327 patent prosecution, and should have been disclosed pursuant to 37 C.F.R. § 1.56. U.S. Patent No. 6,567,083 and/or its pending application, by itself or in combination with other information, establishes a prima facie case of unpatentability of a claim or claims of the '327 patent.

18. SGI and/or its agents were aware of International Application Number PCT/US98/20096 during prosecution of the application that became the '327 patent.

6

19. International Application Number PCT/US98/20096 has a priority date of September 25, 1997, has an International Publication Number of WO 99/16021 and has an international publication date of April 1, 1999.

20. Despite having knowledge of International Application Number PCT/US98/20096, SGI and/or its agents failed to disclose International Application Number PCT/US98/20096 to the Examiner during prosecution of the application that became the '327 patent. Given the actual knowledge and high level of materiality of this reference, it can be inferred that SGI and/or is agents acted with deceptive intent in withholding this reference from the patent office.

21. The subject matter of International Application Number PCT/US98/20096 is and was material to the patentability of the '327 patent and/or the application that became the '327 patent, was not cumulative of prior art that was cited during the '327 patent prosecution, and should have been disclosed pursuant to 37 C.F.R. § 1.56. International Application Number PCT/US98/20096, by itself or in combination with other information, establishes a prima facie case of unpatentability of a claim or claims of the '327 patent.

22. ATI therefore seeks a declaration and finding by this Court that the claims of the '327 patent are unenforceable due to SGI's inequitable conduct before the United States Patent and Trademark Office.

**PRAYER FOR RELIEF**

WHEREFORE, ATI denies that SGI is entitled to any relief for its Complaint and prays for judgment in ATI's favor as prayed for in its Counterclaims and against SGI as follows:

A. That SGI take nothing by its Complaint and its claims against ATI be dismissed with prejudice;

7

B. That ATI be found not to infringe any valid claims of United States Patent No. 6,650,327;

C. That United States Patent No. 6,650,327 be found invalid;

D. That United States Patent No. 6,650,327 be found unenforceable;

E. That SGI, its officers, agents, employees, attorneys, and all persons in active concert or participation with them are permanently enjoined from asserting or threatening to assert United States Patent No. 6,650,327 against ATI or any other person;

F. That ATI be awarded its costs, disbursements and attorneys' fees incurred in defending itself in connection with the Complaint; and

G. That ATI be awarded such other and further relief as the Court deems just, equitable and proper.

## DEMAND FOR A JURY TRIAL

ATI hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Dated: December 1, 2006                DEWITT, ROSS, & STEVENS, S.C.

                                                           BY:    ___s/Joseph A. Ranney_____
                                                                    Daniel W. Hildebrand
                                                                    Joseph A. Ranney
                                                                    Two East Mifflin Street, Suite 600
                                                                    Madison, Wisconsin 53703
                                                                    Phone: (608) 283-5612
                                                                    Facsimile: (608) 252-9243
                                                                    Email: jar@dewittross.com

                                                                    Of Counsel:

                                                                    ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

William H. Manning
Cole M. Fauver
Brian A. Mayer
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500
Facsimile: (612) 339-4181
Email: whmanning@rkmc.com
cmfauver@rkmc.com
bamayer@rkmc.com

Attorneys for Defendant, ATI Technologies ULC.