IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SILICON GRAPHICS, INC.,

                                                                            ORDER

                 Plaintiff,

                                                                        06-C-611-C

     v.

ATI TECHNOLOGIES, INC.,
ATI TECHNOLOGIES ULC, and
ADVANCED MICRO DEVICES, INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil case for patent infringement, in which plaintiff Silicon Graphics, Inc. contends that defendants ATI Technologies, Inc., ATI Technologies ULC and Advanced Micro Devices, Inc. infringe three patents it owns, United States Patent Nos. 6,650,327 (the '327 patent), 6,292,200 (the '200 patent) and 6,885,376 (the '376 patent). All three patents relate to advanced computer graphics processing technology.

      Almost immediately after the complaint in this case was filed, the parties commenced procedural jockeying that has consumed an inordinate amount of the court's time (and, presumably, the lawyers' time as well). Plaintiff attempted to strike a slew of defendants' counterclaims and defenses. Dkt. ##20, 21, 22. Defendants filed a motion to dismiss.

1

Dkt. # 41. Defendants filed a motion for summary judgment before the court had conducted a claim construction hearing. Dkt. #44. Plaintiff filed a second amended complaint. Dkt. #65. Plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(f). Dkt. #83. Defendants sought certification of an immediate appeal of the court's decision denying their motion to dismiss. Dkt. #152. Because this case has followed a circuitous and tortured path, defendants' second motion for summary judgment and plaintiff's only motion for summary judgment are currently being briefed by the parties in advance of a quickly approaching trial date. Now before the court is plaintiff's motion to strike several portions of defendants' second motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(f).

Plaintiff makes two arguments for striking portions of defendants' arguments for summary judgment. First, plaintiff maintains that defendants' second motion for summary judgment raises arguments that could have been made in their first motion for summary judgment and, therefore, violates the court's past orders. Second, plaintiff argues that Section V.A. of defendants' brief relies on evidence not admissible under Rule 408 of the Federal Rules of Evidence.

I will consider plaintiff's second argument first. At this point, plaintiff should be well aware of this court's general disapproval of motions to strike portions of pleadings. <u>Silicon Graphics, Inc. v. ATI Technologies ULC</u>, No. 06-C-611-C (W.D. Wis. March 12, 2007)

2

("motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes") (citing Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 727 (7th Cir. 2006); Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989)).  Yet plaintiff persists in arguing that section V.A. of defendants' brief should be stricken because it relies on evidence not admissible under the Federal Rules of Evidence.  That is not the way it works.  If plaintiff believes that the facts supporting defendants' argument are inadmissible, it should dispute them on this ground when it responds to defendants' proposed findings of fact.  Procedure to be Followed on Motions for Summary Judgment, I.C.1. ("[E]ach proposed finding must be supported by admissible evidence.").  Therefore, I will deny plaintiff's motion to strike section V.A. of defendants' brief in support of their motion for summary judgment, but make no determination regarding the merit of plaintiff's argument that the underlying facts are not supported by admissible evidence.

Next, I turn to plaintiff's primary argument, that portions of defendants' brief in support of its motion for summary judgment should be stricken because they do not comply with this court's past orders.  As noted above, defendants are briefing their second motion for summary judgment, a rarity in this court.  However, to avoid prejudice to defendants when plaintiff was allowed to amend its complaint after the first motion for summary judgment had been filed, I allowed defendants to file a second motion for summary judgment

3

regarding newly raised matters. Dkt. #136 at 21-22. As noted in the opinion regarding defendants' first motion for summary judgment, plaintiff had not identified all of the claims it was asserting or all of the accused products at the time defendants filed their first motion for summary judgment with respect to the '327 patent. Dkt. #181. Although defendants would have been well-advised to delay filing a motion for summary judgment before they were certain of the scope of plaintiff's claims, prohibiting them from filing a motion for summary judgment related to newly asserted patent claims would not be in the interest of justice or of value to the court. Moreover, there is little prejudice to plaintiff in allowing defendants to raise these arguments for consideration at summary judgment when they would be raised in any event at a trial that is less than three months away. Therefore, I will deny plaintiff's motion to strike these portions of defendants' motion for summary judgment as well.

ORDER

IT IS ORDERED that plaintiff Silicon Graphics Inc.'s motion to strike portions of the motion for summary judgment of defendants ATI Technologies, Inc., ATI Technologies

ULC and Advanced Micro Devices, Inc., is DENIED.

Entered this 13th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge