IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SILICON GRAPHICS, INC.,

    Plaintiff,

v.

ATI TECHNOLOGIES, INC,

    Defendant,

ORDER

06-C-611-C

---

On January 14, 2008, ATI filed what might be the last pretrial discovery motion: ATI accuses SGI of willfully or recklessly withholding material evidence and seeks harsh sanctions. *See* motion, brief and affidavits, dkts. 353-56. SGI responds indignantly, asserting that it withheld nothing that ATI actually requested, the materials ATI recently requested are irrelevant to this lawsuit, and SGI now has provided the recently requested OpenGL runtime libraries and related information. *See* brief and affidavits, dkts. 392-96. Having thoroughly read all of the briefs and affidavits, I am declaring a draw: the motion is denied and each side will bear its own costs.

The motion is not for discovery, it is for sanctions. Apparently, all of the information that ATI claims was withheld for over a year now has been provided in a useable format. I am not convinced that information predating Bali and applicable to fixed point graphics hardware is relevant in this lawsuit, let alone the smoking gun that would doom SGI's claims. I am not convinced that SGI intentionally or recklessly withheld the OpenGL runtime libraries in order to avoid quick dismissal or to sabotage ATI's motion practice or trial preparation. From the dueling submissions, there appears to be a genuine and legitimate difference of opinion whether the OpenGL runtime libraries actually are included within a fair reading of ATI's discovery requests. It appears that SGI was actually unaware that these materials still were in its possession; it is a

fluke that either side learned of their continued existence in the Customer Service Group during Keith Rich's December 12, 2007 deposition. Perhaps ATI would have learned this earlier if it had deposed Rich earlier, but perhaps not; in any event, I conclude that there was no malfeasance or scienter here.

Conversely, this is true about ATI and its decision to bring this motion: notwithstanding SGI's accusations, I am not persuaded that ATI brought this motion prematurely, or as a ploy to divert SGI's time and resources from trial preparation. With trial ten days hence, nothing that happens in this case can be deemed "premature." Further, the parties' mutual animosity radiates from their submissions, and the rigors, pace and uncertainty attendant to this lawsuit have rubbed both sides raw. Against this backdrop, it was inevitable that ATI would react strongly to Rich's revelations at his last-minute deposition, particularly given the opinions on this matter offered by Andrew Wolfe, ATI's expert, and would not be mollified by SGI's counter-arguments. Pursuant to Rule 37(a)(5)(A)(iii), I am declining to order cost-shifting on this motion.

The bottom line is that this one is over. The parties should move on.

ORDER

IT IS ORDERED that ATI's motion for sanctions is DENIED. Each side shall bear its own costs on this motion.

Entered this 25th day of January, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge