IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SILICON GRAPHICS, INC.,

                                      ORDER

            Plaintiff,

                                    06-cv-611-bbc

      v.

ATI TECHNOLOGIES, INC.,
ATI TECHNOLOGIES ULC, and
ADVANCED MICRO DEVICES, INC.,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     At the conclusion of the jury trial of defendants ATI Technologies, Inc., ATI Technologies, ULC, and Advanced Micro Devices' counterclaim for invalidity of plaintiff Silicon Graphics' '327 patent, two loose ends remained: defendants' counterclaim for inequitable conduct by plaintiff in its prosecution of the application for the '327 patent and defendants' motion for reconsideration of the magistrate judge's denial of defendants' motion for discovery sanctions.

     At a hearing held on February 11, 2008, the counterclaim was dismissed without trial. Once the jury found that the '327 patent was not anticipated, it was not longer open to the court to find that plaintiff had misled the patent office by withholding evidence of an

1

allegedly anticipatory patent (the Baum '083 patent). Therma-Tru Corp. v. Peachtree Doors Inc. 44 F.3d 988, 995 (Fed. Cir. 1995) (when " 'a party has a right to a jury trial on an issue involved in a legal claim, the judge is . . . bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim.' ") (quoting Gutzwiller v. Fenik, 860 F.2d 1317, 1333 (6th Cir.1988) (other sources omitted)). Because the trial on inequitable conduct could not go forward, it was unnecessary to consider plaintiff's motions in limine to preclude the testimony of defendants' experts Manbeck and Potel (dkt. ##543 and 544).

Because defendants did not pursue their invaldity and unenforceability counterclaims with respect to any patents other than the '327 patent, those counterclaims (III and IV) are deemed abandoned.

After hearing argument on the motion for reconsideration of the sanctions order, I denied the motion on a number of grounds, as set forth in my oral ruling from the bench.

Plaintiff withdrew its motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50; defendants may decide to brief their own motion for judgment as a matter of law. If they do, their brief in support of the motion is to be served and filed no later than 21 days after entry of judgment; plaintiff's responsive brief is due within 21 days of its receipt of defendants' brief; defendants' reply brief is due within 10 days of their receipt of plaintiff's response brief.

ORDER

Now that all of the claims and counterclaims have been addressed, withdrawn or abandoned, the clerk of court is directed to enter judgment in favor of defendants ATI Technologies, Inc., ATI Technologies, ULC and Advanced Micro Devices on plaintiff Silicon Graphics, Inc.'s claims of infringement of its U.S. Patents Nos. 6,650,327, 6,292,200 and 6,885,376 and in favor of plaintiff on defendants' counterclaims of invalidity and inequitable conduct as they relate to plaintiff's U.S. Patents Nos. 6,650,327, 6,292,200 and 6,885,376.

Entered this 15th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge