IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SILICON GRAPHICS, INC.,

    Plaintiff,

v.

ATI TECHNOLOGIES, INC,

    Defendant,

ORDER

06-C-611-C

---

On December 26, 2007, this court entered an order denying the three remaining discovery motions in this case, two of which were filed by SGI, one of which was filed by ATI. I allowed both sides to seek cost-shifting under Rule 37(a)(5)(B). SGI has requested $8,096 for 18.4 hours spent opposing ATI's motion to compel, *see* dkts 338-39, while ATI has requested $13,237 for 45 hours spent opposing SGI's motion for a protective order and $13,226.50 for 43.8 hours spent opposing SGI's motion to compel and to extend discovery deadlines, *see* dkts 335-36. SGI opposes SGI's request for fees, *see* 346-47 and ATI opposes SGI's request for fees, *see* dkts. 347-52. Replies followed, *see* dkts. 357-59 and 391.

The cost-shifting rule directs that this court must require a discovery motion loser to reimburse the winner its reasonable expenses, but the court must not order payment if the motion was substantially justified or other circumstances make an award of expenses unjust. I find that SGI's motion to protect attorney Barry Weinert from deposition was not substantially justified. I find that SGI's motion to compel discovery and to extend the discovery deadline was not substantially justified. I find that ATI's motion to compel discovery, although ultimately denied by the court, was substantially justified. Therefore, ATI is entitled to reasonable reimbursement on its two motion responses, but SGI is not. I find that ATI's claimed expenses are reasonable and I am ordering SGI to pay the full amount.

As for SGI's motion to protect Weinert from deposition, I can understand why a corporation might choose as matter of principle and for morale to decline voluntarily to allow its in-house attorneys to be deposed. But it does not follow from such strategic posturing that it is per se reasonable to oppose the deposition of corporate counsel. Indeed, SGI deposed ATI's former corporate counsel, Matthew Vella, so it cannot claim that a party's attorneys are not valid sources of discovery. Attorney Weinert was the point man on SGI's bankruptcy court submissions that were the lynchpin of ATI's inequitable conduct allegations. Although the court ultimately found no inequitable conduct, there was a sufficient factual basis for ATI's suspicions as to allow discovery from Weinert. SGI's motion for protection was not substantially justified and no other circumstance would make it unjust to award ATI its reasonable expenses on this motion.

As for SGI's December 14, 2007 motion to compel depositions and to extend the December 15, 2007 discovery cutoff, my explanation why I was denying this motion also explains why this motion was not substantially justified. Like Aegisthus in *Electra*, if SGI had mulled the portents, it could have predicted the implacable doom of its mid-December motion to extend discovery.

So why is ATI's failed motion different? Because ATI had no reason to trust SGI's representations that, notwithstanding indications to the contrary, SGI no longer possessed the OpenGL information that ATI sought. As I indicated in my order, ATI was able to weave together strands of deposition testimony and other chains of circumstances to argue that SGI must still possess this information, and that SGI's denials might be based on a failure to look hard enough. ATI, as SGI's adversary in this litigation, was not obliged to take the court's self-described pollyannaish approach of taking SGI at its word that it no longer had and could not find the missing information. Indeed, after I issued this order, SGI provided additional discovery that ATI believed contradicted SGI's previous averments and merited sanctions. Although I declined to impose sanctions against SGI, its late disclosures support the court's view that ATI's motion to compel was substantially justified notwithstanding the court's decision not to grant it.

So this leaves the reasonableness of ATI's requests. ATI spent about 5½ eight-hour days[1] on each motion at an average rate of less than $300/hr on one response, a tad more than $300/hr on the other. The average hourly rate of $300 is reasonable in a lawsuit of this nature with attorneys of this caliber. I am loathe to second-guess the amount of time spent by a law firm on a motion because one might expect internal market forces to drive this number: with no guarantee of cost-shifting, how much time is enough to maximize the chance of prevailing on the motion without irritating the client? We also have the context of my September 21, 2007 order in which I ordered ATI to pay about $44,000 to SGI for 88 hours of work at rates as high as $720/hr. In light of this, SGI cannot seriously contend that ATI's two bills are unreasonable.

ORDER

Pursuant to Rule 37(a)(4)(B), it is ORDERED that SGI and its attorneys are jointly and severally liable to pay to ATI's attorneys $26,463.50 not later than April 21, 2008.

Entered this 21st day of March, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[1] The eight-hour day is a convenient unit of measure, not a characterization of how lawyers actually work.