IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SILICON GRAPHICS, INC.,

                                                            ORDER

                Plaintiff,

                                                             06-cv-611-bbc

     v.

ATI TECHNOLOGIES, INC., ATI
TECHNOLOGIES, ULC and
ADVANCED MICRO DEVICES, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Still to be addressed in this patent infringement case are the parties' objections to rulings and fee awards made by United States Magistrate Judge Stephen L. Crocker. Two sets of rulings are at issue. The first set includes the magistrate judge's ruling on August 8, 2007 (dkt. #169), denying the motion of defendants ATI Technologies, Inc., ATI Technologies, ULC and Advanced Micro Devices, Inc. (together, ATI) to modify the protective order agreed to by the parties and granting plaintiff Silicon Graphics, Inc.'s motion to enforce the order and stay any modification. The set includes a later order entered on September 21, 2007 (dkt. #216), in which the magistrate judge awarded fees to plaintiff in the amount of $44,269, to be paid within 30 days after this court rules on

1

defendants' motion to reconsider the August 8 ruling. Defendants objected to the August 8 ruling and filed timely objections to it and to the subsequent award of fees.

The second substantive ruling at issue includes the magistrate judge's order of December 26, 2007 (dkt. #334), denying plaintiff's motion for a protective order precluding defendants from deposing plaintiff's general counsel, denying plaintiff's motion to compel discovery and granting defendants' motion to compel discovery. This motion was followed by an order entered on March 21, 2008, in which the magistrate judge awarded fees to defendants in the amount of $26,463 and denied plaintiff's request for an award of fees incurred in opposing defendants' motion to compel. Plaintiff did not file objections to the December 26 order, but did file timely objections to the fee award.

DISCUSSION

To persuade a district judge to modify or set aside any part of a magistrate judge's order resolving a discovery dispute, a party must show that the challenged order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This is a difficult standard to meet, given the inevitably vague and opaque nature of discovery disputes.

Nevertheless, I have reviewed the August and December discovery orders in light of the parties' objections. As to the August 8 decision on defendant's motion to modify the protective order, I am convinced that denial of the motion was correct. If defendants had

2

any legitimate reason to seek modification of the order, it is not apparent. Rather, the effort seems to have been intended solely to take advantage of confidential materials defendants had obtained from plaintiff during discovery. In other words, defendants were seeking to do the very thing the protective order was intended to prevent.

Defendants argue that the magistrate judge based his order on his belief that they were seeking both reexamination of one of the patents at issue and a stay to allow that to happen. Although the magistrate judge discussed those possibilities, he did so in the course of explaining why the motion to modify was not only improper but doomed in the context of this litigation, which was on track for resolution well before any reexamination proceedings could be completed. The overriding reason for denying the motion was the magistrate judge's belief that the disclosures sought by defendants were prohibited by the protective order to which the parties had agreed expressly.

Defendants wanted an exemption from the protective order to allow its litigation team to disclose to defendants' in-house decisionmakers and non-litigation counsel certain non-public documents issued to the United States Patent and Trademark Office relating to plaintiff's prosecution of a continuation application based on the '327 patent (a patent at issue in this case). Defendants' litigation counsel believed that these documents show that the original '327 patent should never have issued. If the documents were disclosed to defendants and outside counsel, it was litigation counsel's opinion that the documents would

3

help defendants decide whether to ask the PTO to reexamine the '327 patent. It is not surprising that the magistrate judge saw this request for a modification as not "substantially justified." Defendants argued that they had no way of knowing when they signed the order that they might discover information that would bear on matters outside the litigation; this argument did not make their case for disclosure any stronger.

The more interesting question is whether the magistrate judge was correct when he imposed fees on defendants for bringing the motion and when he directed the legal teams of both parties to wall themselves off from their clients "to prevent the dissemination of legal advice on other matters that might be tainted by information gained from reviewing the opposing party's confidential information." Defendants argued that a motion to modify a protective order does not come within Fed. R. Civ. P. 37(a) so as to be subject to a monetary sanction, but they did not support their argument with any case law. Nothing in the rule suggests that it does not apply to contested motions to modify a protective order and, as the magistrate judge pointed out, the Court of Appeals for the Seventh Circuit has awarded fees in <u>Rickels v. City of South Bend, Ind.</u>, 33 F.3d 785, 786 (7th Cir. 1994), a case involving a protective order.

It is perfectly possible to imagine a motion for modification of a protective order that is so innocuous that it would not merit an award of fees. The modification that defendants sought was far from innocuous and for that reason, bound to provoke a hard-fought defense

4

from plaintiff. The fees that the magistrate judge imposed were appropriate, given the importance to plaintiff of insuring that the protective order was not modified to allow plaintiff's confidential information to be employed in a new forum as defendants were proposing.

This leaves the question whether the magistrate judge exceeded his authority when he directed counsel for all parties to wall themselves off from their clients to prevent the dissemination of legal advice that might be tainted by information that counsel had gained from reviewing confidential materials. Despite the umbrage defendants take to this directive, I am not persuaded that it does anything more than enforce the responsibility that counsel took on when they signed the protective order, which was to use any confidential information solely in connection with this action.

I turn then to the magistrate judge's second set of rulings. Plaintiff did not file timely objections to the merits of the magistrate judge's rulings. Its only objections were filed in response to the fee award. Its failure to file operates as a waiver of any objections, but the failure is harmless because I would uphold the magistrate judge's rulings in any event. It was not error to allow defendants to depose plaintiff's general counsel, Barry Weinert because it was reasonable to believe that Weinert would have admissible and material information and it was reasonable to require plaintiff to provide complete responses to certain requests related to RenderMan, OpenGL and specified properties. Although the responses proved to

5

be less helpful than defendants hoped, this was not clear when the magistrate judge ruled. On the facts before him, he made the correct decision.

The magistrate judge did not err in denying plaintiff's motions to compel and to extend the discovery cutoff. The parties had had twelve months in which to conduct discovery; trial was scheduled within 40 days of plaintiff's request for an extension. It was too late to seek additional discovery and an extension of time in which to conduct it.

The only part of the magistrate judge's second set of rulings that is open to reconsideration is his determination of fees to be awarded, but plaintiff has not raised any objections to the amounts. My own review suggests that the determination was reasonable.

ORDER

IT IS ORDERED that plaintiff Silicon Graphics, Inc.'s appeal (dkt. #574) of the magistrate judge's decision granting attorney fees to defendants ATI Technologies, Inc., ATI Technologies, ULC and Advanced Micro Devices, Inc. and denying attorney fees to plaintiff (dkt.#571) is DENIED for plaintiff's failure to show that the fee award was clearly erroneous or contrary to law. FURTHER, IT IS ORDERED that defendants' objections (dkt. # 180) to the magistrate judge's denial of their motion to modify the protective order (dkt. #169) and to his award of attorney fees (dkt. #216) on the motion are DENIED for defendants' failure to show that the magistrate judge's decisions were clearly erroneous or

contrary to law.

Entered this 22nd day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7