IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SILICON GRAPHICS, INC.,

                Plaintiff,

     v.

ATI TECHNOLOGIES, INC.,
ATI TECHNOLOGIES, ULC and
ADVANCED MICRO DEVICES, INC.,

                Defendants.

OPINION and ORDER

06-cv-611-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case for patent infringement has been remanded by the Court of Appeals for the Federal Circuit to resolve several claims of infringement related to U.S. Pat. No. 6,650,327. Silicon Graphics, Inc. v. ATI Technologies, Inc., 607 F.3d 784 (7th Cir. 2010). Continuing the pattern of contentiousness that existed before the appeal, the parties have filed what may be a record number of pages of briefs to debate the ordinarily straightforward question of what remains to be tried on remand. The parties are not only unable to agree on the answers to various substantive questions, but they cannot agree even on what the proper questions are. In particular, the parties ask the court to resolve the following matters:

(1) whether the remand includes claims 17-18 and 21-23;

(2) whether plaintiff should be allowed to assert claim 7, even though that claim was not part of plaintiff's appeal;

(3) whether defendants should be permitted to assert invalidity affirmative defenses, even though the court of appeals affirmed this court's dismissal of defendants' invalidity counterclaims;

(4) whether defendants' R7xx products should be included in the trial, even though they were not part of the proceedings before the appeal;

(5) the extent to which the parties may supplement their expert reports;

(6) whether plaintiff may substitute new damages experts; and

(7) whether the caption should be amended to reflect a change in plaintiff's name.

In addition to these issues, defendants included two different motions for summary judgment in their brief without seeking leave of court to do so, in violation of the instructions of the magistrate judge. I granted plaintiff's motion to strike those portions of defendants' brief, noting that defendants had had two rounds of summary judgment and were not entitled to a third. Dkt. #711. For its part, plaintiff filed a motion to compel documents related to the R7xx products, even though it knew that issue would be narrowed or eliminated by the outcome of the "threshold issues" briefs. The magistrate judge properly denied the motion to compel as premature in light of the issues already before the court. Dkt. #722.

Most of the issues raised in the parties' briefs are attempts to expand the scope of the

case beyond the claims and defenses at issue before the appeal and beyond the scope of the court of appeals's mandate.  For the reasons discussed below, I am limiting the parties to the issues left open by the mandate of the court of appeals.  After more than four years of litigation, this is not the time for making the case any bigger than it already is.

OPINION

A.  <u>Claims 17-18 and 21-23</u>

Plaintiff asserted claims 17-18 and 21-23 before the appeal, but I dismissed them in the January 30, 2008 summary judgment order because I concluded that defendants had a license to practice those claims.  Dkt. #505.  The question is whether these claims remain part of the case after the remand.

The simple answer is found in the last paragraph of the decision of the court of appeals in which the court summarized its holdings: "[T]his court vacates the district court's non-infringement ruling with respect to claims 2-6" and "remands for consideration in light of the correct construction.  In all other respects, for the foregoing reasons, the district court's judgment is affirmed."  <u>Silicon Graphics</u>, 607 F.3d at 802.  Plaintiff argues that there was no reason for the court of appeals to limit its holding to claims 2-6 because identical reasoning would apply to claims 17-18 and 21-23.  This may be so, but it is irrelevant. "Unless remanded by [the court of appeals], all issues within the scope of the appealed

judgment are deemed incorporated within the mandate and thus are precluded from further adjudication." Engel Industries, Inc. v. Lockformer Co., 166 F.3d 1379, 1383 (Fed. Cir. 1999). See also Williams v. Commissioner of Internal Revenue, 1 F.3d 502, 503 (7th Cir. 1993) ("If a final judgment ha[s] been entered, the case appealed, the judgment reversed, and the case remanded, the trial judge [is] required to adhere on remand to the rulings that he had made before the case was first appealed, provided of course that they [were] not . . . set aside by the appellate court.")

The court of appeals included no discussion of the question whether plaintiff could proceed with claims 17-18 and 21-23. In fact, the court stated expressly that "this court only evaluates the Microsoft License with respect to claims 2 through 6 of the '327 patent." Silicon Graphics, 607 F.3d at 794. This omission is not particularly surprising because plaintiff did not discuss claims 17-18 and 21-23 in its appellate briefs with respect to the question of infringement. Rather, only claims 1-6 were singled out. Dkt. #701-2. (The dismissal of claim 1 was affirmed on another ground. Silicon Graphics, 607 F.3d at 794.)

Regardless whether plaintiff waived the issue in its appellate briefs, once the court of appeals issued a decision that was limited to claims 2-6, it was plaintiff's responsibility to ask that court to expand the scope of the mandate to include claims 17-18 and 21-23 if plaintiff believed that the court had made a mistake. The cases plaintiff cites are not on point because they involved matters "left open by the mandate." Exxon Chemical Patents, Inc. v.

4

<u>Lubrizol Corp.</u>, 137 F.3d 1475, 1478 (Fed. Cir. 1998) (mandate does not foreclose consideration of matters that district court never considered because they were rendered moot by determination that has since been reversed); <u>Laitram Corp. v. NEC Corp.</u>, 115 F.3d 947, 951 (Fed. Cir. 1997) (same).  In this case, I dismissed claims 17-18 and 21-23 with prejudice and the court of appeals affirmed the judgment in all respects with the exception of claims 2-6.  Accordingly, I conclude that I do not have authority to consider claims 17-18 or 21-23 on remand.

## B.  <u>Claim 7</u>

Plaintiff asserted this claim for the first time seven days before discovery closed, which I concluded was "far too late for it to be included in the case."  Dkt. #505, at 51.  Because plaintiff did not challenge this decision on appeal, it may not resurrect the claim now.  <u>Engel Industries</u>, 166 F.3d at 1383 ("An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived.").

## C.  <u>Invalidity Affirmative Defenses</u>

During the first round of litigation and after all the infringement claims had been resolved, defendants persuaded this court to proceed to trial on its counterclaims for invalidity with respect to claims 17, 18, 22 and 23.  After trial, I concluded that defendants

5

had waived or abandoned all other invalidity counterclaims with respect to the '327 patent, including those related to claims 2-6. The court of appeals affirmed this decision. Silicon Graphics, 607 F.3d at 801. Defendants concede, as they must, that all of their invalidity *counterclaims* are gone from the case. The question before the court now is whether defendants may assert invalidity *affirmative defenses* at trial.

At first glance, it might seem there is little reason to distinguish between a counterclaim and an affirmative defense and that defendants are attempting to take advantage of a "technicality" to revive a dead issue. After all, the substantive determination for either an affirmative defense or a counterclaim is the same. For this reason, if defendants actually had litigated their invalidity counterclaims with respect to claims 2-6, I would agree with plaintiff that defendants would not be entitled to another kick at the cat under the guise of an affirmative defense. This logic does not apply, however, because neither the court nor the jury considered the validity of claims 2-6.

When a party loses the right to assert a counterclaim for procedural reasons, this does not necessarily mean that an affirmative defense under the same theory is lost as well. E.g., Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc., 583 F.3d 832, 840 (Fed. Cir. 2009) (defendant could assert affirmative defense of "ownership" even though counterclaim was barred by statute of limitations). In this case, I allowed defendants to proceed to trial on invalidity only because they were asserting

6

counterclaims, not just affirmative defenses.  One difference between a counterclaim and an affirmative defense is that resolution of a plaintiff's claim in favor of a defendant always moots the affirmative defense, but the mootness analysis for a counterclaim in the same situation is more nuanced.  Cardinal Chemical Co. v. Morton International, Inc., 508 U.S. 83, 93-94 (1993).  See also PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1368 (Fed. Cir. 2007) ("[O]ur finding of non-infringement moots any affirmative defense of invalidity, and Porta Stor has not argued its invalidity counterclaim on appeal."); Prima Tek II, L.L.C. v. Polypap, S.A.R.L., 318 F.3d 1143, 1152-53 (Fed. Cir. 2003) ("[W]e need not invalidate the '856 patent because the invalidity argument was raised only as an affirmative defense by Polypap, not in the form of a counterclaim, and the district court denied as moot Prima Tek's motion for summary judgment regarding Polypap's affirmative defenses.").  Thus, even if defendants had wanted to try their affirmative defenses with respect to claims 2-6, I would have denied that request on mootness grounds.

I concluded that defendants had abandoned their untried invalidity counterclaims because they had an opportunity to assert them but decided not to do so.  It is one thing to say that a party has abandoned its right to use invalidity as a sword (in contemplation of a future case) even after all infringement claims have been dismissed.  It is quite another to say that a party may no longer defend itself against pending claims of infringement because of a previous decision not to pursue a counterclaim that at the time was moot for the purpose

of the current case.   Accordingly, I conclude that defendants may raise invalidity defenses at trial with respect to claims 2-6.

Plaintiff points out that the court of appeals denied a motion for clarification in which defendants asked the court to make it clear that its invalidity affirmative defenses could still be tried.  However, as defendants point out, the court denied that motion without opinion, which means that I may not draw any inferences about the court's reasoning.  Exxon Chemical Patents, 137 F.3d at 1479 ("No inferences can be drawn from the court's silence in response to Exxon's request for clarification.").  It may well be that the court denied the motion because it concluded that no clarification was needed.

### D.  R7xx Graphics Processors

Defendants' R7xx series of graphics processors were not among the products accused before the appeal.  (In its response brief, plaintiff says that the R7xx products were "previously accused," Plt.'s Br., dkt. #715, at 15, but it does not elaborate on the context of the accusation or otherwise suggest that those products ever have been part of the case.)  Nevertheless, plaintiff wants to include the R7xx products at trial because it believes that they are "nearly identical in terms of design and components at issue in this case."  Id.

If the parties were in agreement about the operation of the R7xx products, then there might be some sense in including those products at trial.  But of course no such agreement

8

exists.  Although plaintiff suggests that the similarities of the R7xx series to the accused products are self-evident, plaintiff acknowledges in its opening brief that more discovery would be required to pursue infringement claims against the R7xx products.  Plt.'s Br., dkt. #697, at 26.  In fact, that discovery is the subject of plaintiff's recent motion to compel, in which plaintiff sought both the production of documents and the taking of new depositions. Dkt. #717.

Plaintiff says that discovery would allow the court to "fairly conside[r]" the differences between the old and new products, Plt.'s Br., dkt. #697, at 26, but it does not identify the context in which such consideration would occur.  The only process that would be fair to defendants would be another round of summary judgment, but that is not a feasible option. Trial is scheduled for May, a date that will not change absent extraordinary circumstances. This case was filed more than four years ago and both sides are entitled to a prompt resolution.  That cannot happen if the scope of the lawsuit continues to change.  The R7xx series will not be added to the case.

Plaintiff includes one sentence in its brief that discovery on the R7xx series is relevant to showing willfulness, but it does not develop this argument, so it is waived for the purpose of this opinion.  If plaintiff believes that it is entitled to discovery on the R7xx products for reasons unrelated to alleged infringement by those products, it will have to renew its motion to compel with the magistrate judge.

E.  Supplemental Expert Discovery

Defendants ask that supplements to expert reports be "limited to those justified based on events in this case subsequent to the prior service of reports."  Dfts.' Br., dkt. #699, at 28.  Although I agree with this as a general proposition, neither side discusses in depth how that limitation would be applied.  I cannot issue a ruling in a vacuum.  If one  side believes that the other is attempting to sneak in new opinions that are not related to developments in the case since the last round of expert reports, it will have to raise that issue in a motion in limine.

F.  Expert Substitution

Plaintiff wishes to substitute its damages experts for the following reasons: (1) the company that employed plaintiff's experts, Invotex, has done work for defendants' counsel on another case; (2) one of the named experts is scheduled to testify in another trial around the same time this case is scheduled for trial.  Defendants argue that plaintiff's request is a ploy to generate a new expert report because plaintiff is not happy with its old one.

Plaintiff's first argument is a nonstarter because it does not argue that Invotex's work for defendants' counsel creates a conflict.  With respect to the second argument, plaintiff does not say whether it raised this scheduling concern to the magistrate judge when he set the trial date at the November 10, 2010 conference.

10

It makes no difference to the court which expert prepares an update and testifies at trial.  However, defendants' concern about substantive changes to the previous experts' opinions is well founded.  It is not fair to the other side to alter established opinions at this late date.  Accordingly, plaintiff is free to substitute new experts, but, if it chooses to do so, those new experts are bound by the opinions already expressed by the former experts, just as the former experts themselves would be.

## G.  Plaintiff's Name

Defendants wish to alter the case caption to reflect the fact that plaintiff's name is now Graphics Properties Holdings, Inc.  As defendants well know, the relevant documents in this case will refer to plaintiff as Silicon Graphics, not Graphics Properties Holdings.  Defendants do not deny that confusion may arise if plaintiff is presented to the jury under one name while all the documents use a different name.

Defendants say that it is unfair to allow plaintiff to use its former name at trial because plaintiff "undoubtedly plans to couch itself in the Silicon Graphics of the past, telling the story of John Airey, the named inventor on the '327 patent, and his work at the former 'SGI.'"  Dfts.' Br., dkt. #699, at 52.  Although defendants' point is not entirely clear, they are free to object at trial if they believe that plaintiff is attempting to influence the jury improperly with nostalgia.

11

Defendants' other argument is that the name "Silicon Graphics" now belongs to another company and that plaintiff has promised that company that it would no longer refer to itself under that name.  Even if I assume that defendants are correct, neither defendants nor this court is a party to that agreement.  If plaintiff is violating an agreement with a third party, that is a matter between plaintiff and the third party.

ORDER

IT IS ORDERED that the parties' "threshold issues" are resolved as follows:

(1) defendants' request to exclude claims 7, 17-18 and 21-23 of '327 patent from the trial is GRANTED; those claims are EXCLUDED from the trial because they were not left open by the mandate of the Court of Appeals for the Federal Circuit;

(2) plaintiff's request to bar defendants from asserting invalidity affirmative defenses at trial is DENIED;

(3) plaintiff's request to assert claims for infringement against the R7xx products in the context of this case is DENIED;

(4) plaintiff's request to substitute its damages experts is GRANTED IN PART; plaintiff is free to substitute new damages experts, but the new experts are bound by the previous expert reports to the same extent the original experts would be;

12

(5) defendants' request to amend the case caption is DENIED.

Entered this 31st day of January, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13